IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRADY WAKELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 CV 5976 |
| | ) | |
| TINA TOMARAS, *et al.*, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth below, defendant Sarah Mays' Motion to Dismiss [122] is denied.

**STATEMENT**

In this action, plaintiff Brady Wakeland alleges that prison staff at Stateville Correctional Center were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights when he experienced a seizure on January 18, 2018. Wakeland filed a pro-se complaint on August 30, 2018 naming various correctional officers and two nurses as defendants. As relevant here, "Nurse Sarah" was sued under her first name only. The Court appointed counsel to represent Wakeland on December 4, 2018. Wakeland's appointed counsel filed an amended complaint again naming "Nurse Sarah," without a last name. ECF No. 12. Wexford Health Sources, Inc. ("Wexford") accepted service on behalf of a Nurse Sarah Labahn, and counsel entered an appearance on her behalf. ECF No. 43.

On January 15, 2021, near the close of discovery, Wakeland filed a Motion for Substitution of Party and to Amend the Complaint, seeking to substitute "Sarah May" in place of Sarah Labahn. P.'s Mot. to Substitute, ECF No. 95.[1] In that motion, Wakeland explained that, during the deposition of Nurse Tina Tomaras (the other nurse defendant), he discovered that the correct Nurse Sarah was Sarah May[s], not Sarah Labahn. P.'s Mot. to Substitute ¶ 2. Along with that motion, Wakeland filed a declaration signed by Sarah Labahn in which she attested she was not employed by Wexford until December 2018, nearly a year after the seizure that forms the basis of this lawsuit. Decl. of Sarah Labahn, Ex A to Mot. to Substitute, ECF No. 95-1. The Court granted plaintiff's Motion to Substitute Party and Amend the complaint on January 20, 2021. ECF No. 95.

Mays moved to dismiss the claims against her on June 23, 2021, arguing that the two-year statute of limitations has expired and that the amended complaint does not relate back to the original pleading that was timely filed. Mays contends that the conditions laid out in Federal Rule

---

[1] The plaintiff's motion identified the new defendant as Sarah May, but it appears from her filings that her correct name is Sarah Mays. *See*, *e.g.*, Attorney Appearance on behalf of Sarah Mays, ECF No. 107. Accordingly, this Order uses "Mays" rather than "May."

15(c) for the relation back of amendments are not met. Under Rule 15, an amendment relates back when:

> "(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Fed. R. Civ. Proc. 15(c). Mays argues that she did not know, nor should she have known, that the action would have been brought against her but for a mistake in identity. Def.'s Mot. to Dismiss 5, ECF No. 122. Wakeland responds that Mays must have known "because both Nurse Sarah Mays and Nurse Sarah Labahn work in the same correctional facility." Pl.'s Resp. 8, ECF No. 125. Neither the defendant's nor the plaintiff's assertion about May's knowledge is buttressed by any citation to the record that has thus far been formed in discovery. The Court is thus confronted with a factual dispute unmoored from any record facts.

  This problem illustrates why "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Center of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). While this case has now progressed through discovery, the parties have not directed the Court to anything in the record that would enable the Court to determine whether the claim against Mays relates back to the original claim again Laban. The Second Amended Complaint (SAC) does not "set forth everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014). If there is "any set of facts that if proven would establish a defense to the statute of limitations," the complaint should not be dismissed on that basis. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003). The SAC alleges that Mays was working at Stateville at the time of the seizure, SAC ¶ 7, and that she was among staff that refused to assist Wakeland down the stairs after he had suffered a seizure. SAC ¶ 26. Taking the allegations in the complaint as true, as the Court must in addressing a motion to dismiss, it is plausible that May knew or should have known that but for a mistake in identity, she would have been sued within the limitations period.

  The parties also dispute whether equitable tolling is appropriate, and whether Nurse May's alleged conduct was sufficiently outrageous to state a claim for intentional infliction of emotional distress. These are likewise highly fact-dependent questions and are generally inappropriate for resolution on a motion to dismiss. Mays' motion is accordingly denied without prejudice to the merits of her affirmative defense. To the extent the parties need additional discovery to flesh out plaintiff's claims and defendant's affirmative defenses, they may seek authorization to conduct such discovery from the Magistrate Judge; alternatively, they may file for summary judgment.

3

|  |  |
|---|---|
| Dated: September 28, 2021 | /s/ John J. Tharp, Jr.<br>John J. Tharp, Jr.<br>United States District Judge |